UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMY A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:21cv240 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a motion for award of EAJA fees, filed by the Plaintiff on April 5, 2023. The Commissioner responded to the motion on May 17, 2023, to which Plaintiff replied on June 28, 2023.

The Commissioner concedes that her position in this litigation was not substantially justified and acknowledges that Plaintiff is the prevailing party. The Commissioner objects, however, to the "insufficient itemization of the hours requested and to the hourly rate that Plaintiff requests. Plaintiff has requested fees of $26,990.30 for 118.90 hours of attorney time. This includes time spent replying to the Commissioner's response to the fee request.

When requesting attorney's fees under EAJA, Plaintiff bears the burden of showing that the fees her attorney seeks are reasonable. *Ashton v. Pierce*, 580 F. Supp. 440, 441 (D.C. Cir. 1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The United States Supreme Court has stressed that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. Here, the Commissioner argues that Attorney Forbes has not adequately itemized a large portion of the

time he spent on the case. The Commissioner specifically objects to the fact that Attorney Forbes block-billed 11.9 hours over 2 days for "medical research," listing several different issues that he researched without individually detailing the amount of time spent on each.  The Commissioner also contends that Attorney Forbes block-billed 39.2 hours over 5 days for a combination of review of the medical record, legal research, vocational research, and drafting of the opening brief.  The Commissioner contends that neither of these grouped billing entries reflect contemporaneous timekeeping on the day the work was performed. The Commissioner seeks to have Attorney Forbes' time reduced by 51.1 hours, due to what she believes are insufficiently detailed time entries.

     Attorney Forbes' timesheet reflects a total of 53.9 hours spent at the district court level. Specifically, 11.9 hours for "Medical Research [traumatic brain injury (TBI)], relationship to post-concussive syndrome, relationship to mental health sequella, relationship to pituitary tumor, relationship to pituitary disorder, relationship to chronic fatigue." (EAJA Petition Exhibit C(1)). The timesheet further states, 39.2 hours for, "Review 3,105 page Administrative Record, Legal Research, Vocational Research, Draft Opening Brief." *Id*. Attorney Forbes listed each issue he researched as well as the relationship of each issue to the other diagnoses of Plaintiff. Detailed research was required due to the complex medical issues of the case and the need to explain the symptoms which had been treated with no formal diagnosis for years. Importantly, Attorney Forbes specifically stated he was researching each syndrome's "relationship," to one another, meaning the topics overlap. It would therefore be impossible to separate billing for each individual topic when Attorney Forbes specifically stated he was researching how one topic affected the other.

2

This Court has reviewed the timesheet carefully and finds the time spent to be reasonable as well as adequately documented. The Court will not reduce Attorney Forbes' hours.

Attorney Young prepared the appellate brief in this case, and spent 19.25 hours familiarizing herself with the record and litigation documents. The Commissioner argues that "transferring the matter to another attorney was needlessly and duplicative and inefficient." Well, no. That's how law firms typically operate. Furthermore, as Plaintiff points out, even if Attorney Young had represented Plaintiff at the earlier stages of the case, she would still have had to re-familiarize herself with the extensive record. The court is familiar with the work of Attorneys Forbes and Young, and know that they handle a large volume of cases. Thus, it is not surprising that they have to re-familiarize themselves with the record at each stage of the case, as there have been many intervening cases with a plethora of different facts. To penalize the attorneys for reviewing the record could encourage sloppy work and/or inhibit attorneys from taking cases with extensive medical records and pursuing them through all levels of appeal. The Court desires neither of these outcomes. The Court will not reduce Attorney Young's hours.

As noted, the Commissioner also objects to the hourly rate of $227.00, which corresponds to the National CPI adjustment for February 2022, the month in which most of the work was performed in this case. The Commissioner maintains that the Court should apply a cost-of-living adjustment based solely on the Midwest CPI, which covers the geographic region where the case was litigated. The Commissioner contends that this would result in an alternative hourly rate of $217.52. In *Sprinkle v. Colvin* the Seventh Circuit stated, "Courts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed… This position is in line with the approach the majority of our sister circuits take

3

when adjudicating requests for enhanced fees based upon an increase in the cost of living under the EAJA." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). The Court stated that this method, "recognizes that the EAJA's language about 'the cost of living' reflects an assumption that general measures like the CPI will provide a reasonably accurate measure of the need for an inflation adjustment in most cases. That assumption is consistent with the goal of keeping EAJA fee proceedings relatively simple, rather than having them resemble utility rate proceedings. If the government believes for some reason that the CPI does not accurately reflect what has happened in a particular legal market, it can if it wishes offer evidence to that effect." *Id*.

In *Moore v. Commissioner of Social Security,* the Court found that the Commissioner had not "provided the Court with any authority as to why the 'Midwest Urban' average, rather than the 'All Urban' average, is the appropriate tool on which to rely. District courts within the Seventh Circuit 'have used both regional and [the national index], without a clear preference for either'… In *Sprinkle*, the Seventh Circuit declined to resolve the split in the circuit concerning the use of the two indexes, 'leav[ing] it to the discretion of the district courts whether to adopt the national or regional index in specific cases." *Moore v. Commissioner of Social Security*, Cause No. 1:14-CV-00293-SLC, (May 26, 2017). The calculations using the "All Urban" CPI was approved by the Court. *Id*.  The Commissioner is asking this Court to reject the national CPI, a method which is approved by the Seventh Circuit and this Court and is supported with evidence by the Plaintiff, in favor of the "Midwest CPI," of which the Commissioner has offered no support, has not explained what the actual CPI was at the time of briefing, nor offered any supporting evidence or legal reason why it should be applied.  As the hourly rate of $227.00 is clearly not excessive, and is only slightly higher than the $217.52 rate that the Commissioner

4

prefers, the Court will not require counsel to use the lower rate.

In defense of her meritless objections, the Commissioner has stated that she has an obligation to "consider the fiscal implications of EAJA awards", noting that the Social Security Administration paid out $68,150,783.72 in EAJA fees in 2022. The Court suggests that the Administration should focus on reducing the EAJA fees by looking closely at the cases that it is litigating, and quickly settle cases such as this one where it admittedly pursued litigation that was not substantially justified and, in the end, settled the case at the federal appellate level after many hours of attorney effort over several years. Doing so would undoubtedly drastically reduce the amount of EAJA fees paid by the Administration.

## Conclusion

On the basis of the foregoing, the Court hereby GRANTS Plaintiff's motion for award of EAJA fees [DE 38], and AWARDS fees in the total amount of $27,535.30 ($26,990.30 in attorney fees, $143.00 in paralegal fees, $402.00 in filing fees).

If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to offset, the fees awarded shall be made payable to Plaintiff's attorney pursuant to the EAJA assignment signed by Plaintiff and her attorney.

Entered: July 17, 2023.

s/ William C. Lee
William C. Lee, Judge
United States District Court
